```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

IN RE: LOGAN MEDICAL FOUNDATION, INC.

    Debtor.


LOGAN MEDICAL FOUNDATION, INC.
dba LOGAN GENERAL HOSPITAL,

    Appellant,

v.                              CIVIL ACTION NO.  2:04-1007
                                     (Bankruptcy No.  98-21721)
                                     (A.P. No. 02-52)

DR. CARLOS DELARA,

    Appellee.


## MEMORANDUM OPINION AND ORDER

Pending is an appeal filed April 29, 2004, from two orders entered by the bankruptcy court.

I.

On October 28, 2002, the appellee moved for summary judgment in this adversary proceeding.  Trial was scheduled to commence on December 3, 2002.  The trial was continued to allow the appellant additional time to respond to the summary judgment motion.

On February 27, 2003, the bankruptcy court noticed a hearing on the motion for summary judgment at 10:00 a.m. on March 25, 2003.  (Not. of Hrg. at 1.)  According to the appellant, the following events then ensued:

> The Hospital's counsel was driving to the hearing, bringing "The Hospital's Opposition to the Plaintiff's Motion for Summary Judgment" (the "Opposition"), when he was informed by telephone that there would be no hearing because the Motion was being granted <u>on the basis that no response from the Hospital was in the file</u>.[1]  The Opposition was filed that morning and that afternoon a Motion to Reconsider was filed.  Although the parties had been informed that the Motion would be granted on March 25, 2003, the Order granting the Motion was not actually entered until May 20, 2003.  Thus, considering the first Motion to Reconsider to be premature, the Hospital served an Amended Motion to Reconsider on June 1, 2003, which was denied by an Order prepared by the Doctor's counsel, which was entered on April 20, 2004.

(App'ant's Br. at 4 (emphasis added).)

There appears to be no dispute counsel for the appellant was informed the motion for summary judgment was being granted for lack of a response.  The May 20, 2003, order recites simply "The Court having considered Plaintiff's Motion for Summary Judgement in the above-styled action is of the opinion

---

[1]It appears a member of the bankruptcy court's staff was the source of this information.  Counsel for the appellee asserts similar, last-minute notice provided by the court.  (App'ee's Br. at 2 ("Dr. DeLara's counsel was preparing to leave his office to argue the Motion . . . .  The Bankruptcy Court's law clerk telephoned and advised that the Court had read Plaintiff's Motion and was granting the Motion without hearing.").)

and does hereby GRANT Plaintiff's Motion for Summary Judgement in its entirety." <u>DeLara v. Logan Medical Found.</u>, A.P. No. 02-52 (Bankr. S.D. W. Va. May 20, 2003).

Counsel for the appellant was thus of the opinion the motion was granted by default, without his client having been given the opportunity to respond at the scheduled hearing as he understood he would be able to do.  This contention was summarized in the first motion to reconsider, which stated, <u>inter alia</u>, as follows:

> 2. The fact of the Hospital's opposition to the plaintiff's motion was repeatedly communicated to the Court, through its law clerk, both before and after this matter was set for hearing and as recently as last week.  Thus, the undersigned counsel believed the Hospital's interests were thus protected and that initial argument on the merits of the plaintiff's motion and the Hospital's opposition would be heard . . . at the hearing set for 10:00 a.m. this date, March 25, 2003.  Accordingly, counsel was prepared to defend the motion and had the Hospital's Opposition, with fully executed Affidavits, in hand at 10:00 am this morning.
>
> 3. If counsel had any understanding that its opposition to the plaintiff's [motion] would not be considered, the Hospital's Memorandum in Opposition to Summary Judgment could have been filed long ago, with unsigned copies of the Affidavits from former Hospital employees that support the Hospital's position.
>
> 4. The plaintiff will suffer no prejudice if the Court considers this matter on the merits; he will simply be in the same position he was this morning.
>
> 5. The Hospital, on the other hand, will suffer substantial prejudice by being required to pay a

3

> substantial claim that it believes is not justly due, with such payment being required not by a decision on the merits, but upon the impression unintentionally left with the Court that the plaintiff's motion was unopposed.
>
> 6. The Hospital's Board has a strong and long-maintained interest in preserving all assets possible for the charitable foundation that is to receive all funds remaining after the Hospital's just debts are paid.
>
> . . . .
>
> WHEREFORE, the Hospital prays that the Court reconsider its decision to grant judgment in favor of the plaintiff and consider this matter on the merits.

(App'ant's Mot. to Reconsid. at 1-2.)

The April 20, 2004, order, submitted by the appellee, denied the motions to reconsider "[f]or all the grounds and reasons on which [the bankruptcy court's] grant of summary judgment was based, . . . this Court being of the opinion that the Debtor has advanced no grounds justifying the amendment or alteration of its Order . . . ." DeLara v. Logan Medical Found., A.P. No. 02-52, slip op. at 2 (Bankr. S.D. W. Va. Apr. 20, 2004). As noted, the May 20, 2003, order does not indicate the bankruptcy court's basis for granting the motion for summary judgment. The May 20, 2003, order notes only that the court had "considered" the appellee's dispositive motion. DeLara v. Logan Medical Found., A.P. No. 02-52, slip op. at 1 (Bankr. S.D. W. Va. May 20, 2003). Also, there is no mention made in the April 20,

4

2004, order of appellant's allegations that the motion for summary judgment was granted by default.

## II.

It is well-settled in this circuit that summary judgment may not be granted by default.  See, e.g., Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993) ("Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.") Neither side disputes the rule, and it applies both in the context of Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056.[2]

There are, however, several considerations indicating the bankruptcy court granted summary judgment by default.  First, one is struck by the preemptive cancellation of the hearing on the motion, where the matter was poised to be developed on the merits.  This action is perplexing, especially in view of the appellant's uncontested allegation that he had repeatedly

---

[2]Rule 7056, Federal Rules of Bankruptcy Procedure, provides that "Rule 56 . . . applies in adversary proceedings."  Fed. R. Bankr. P. 7056.

informed bankruptcy court personnel, as recently as a week prior to the hearing, of the appellant's opposition to judgment as a matter of law in appellee's favor.

Second, it appears uncontested that appellant's counsel was contacted by court personnel on his way to the hearing and notified that "the Motion was being granted on the basis that no response from the Hospital was in the file[.]" (App'ant's Br. at 4.)  This is an explicit suggestion the motion was granted not on the merits, but because of appellant's failure to file a response.

Third, neither the bankruptcy court's brief May 20, 2003, order, nor the April 20, 2004 order submitted by the appellee, indicate any reasoned basis for granting the dispositive motion.  This is of considerable moment, especially in view of the strong exceptions lodged by the appellant in its first motion to reconsider, asserting the motion for summary judgment was granted by default.

This lack of a disclosed rationale is problematic on a separate front.  It leaves a reviewing court in a very difficult position.  As the United States Court of Appeals for the Second Circuit observed recently, the guessing game that results from an order of this nature often requires vacatur and remand:

6

> An unopposed summary judgment motion may also fail where the undisputed facts fail to "'show that the moving party is entitled to judgment as a matter of law.'" <u>Champion v. Artuz</u>, 76 F.3d 483, 486 (2d Cir.1996) (per curiam ) (quoting Fed.R.Civ.P. 56(c)). <u>Where the order granting summary judgment is insufficiently clear to permit this Court to determine whether the grounds for granting the motion are valid, remand is appropriate</u>. See <u>Miranda v. Bennett</u>, 322 F.3d 171, 175 (2d Cir. 2003); <u>Amaker</u>, 274 F.3d at 681 n. 1 (vacating and remanding the judgment of the district court that granted an unopposed summary judgment motion is singularly appropriate "as the district court is in a far better position to conduct a summary judgment analysis in the first instance").

<u>Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244-45 (2nd Cir. 2004).  This careful approach is especially appropriate here, where the stakes are high.  The bankruptcy court's brief orders resulted in the non-profit debtor suffering an administration expense claim of $79,479.01.

Inasmuch as the court is unable to review the merits of the orders appealed from, and the likelihood summary judgment was granted by default, the court ORDERS that the May 20, 2003 and April 20, 2004, orders be, and they hereby are, vacated.  The court further orders that this action be, and it hereby is, remanded to the bankruptcy court for additional proceedings not inconsistent with this order.[3]

---

[3]The appellee's brief focuses on its entitlement to judgment as a matter of law on the underlying facts.  It is noted that the appellant's brief in opposition to summary judgment, filed with the bankruptcy court on the day of the cancelled hearing, March

(continued...)

7

**The Clerk is directed to forward copies of this written opinion and order to all counsel of record.**

**DATED: July 14, 2005**

_____
John T. Copenhaver, Jr.
United States District Judge

---

³(...continued)
25, 2003, spans forty-one (41) pages, including signed affidavits and deposition testimony.  The court expresses no opinion on the merits of the case, deeming the bankruptcy court better suited to address those matters in the first instance.